PEOPLE *ex rel.* CENTRAL PARK, N. & E. R. R. CO. *v.* COMMISSIONERS OF TAXES AND ASSESSMENTS.

*(Supreme Court, General Term, First Department.  January 28, 1889.)*

TAXATION—ASSESSMENT—CORPORATE STOCK.

> The capital stock of a street-railroad company which pays an annual dividend of 8 per cent., and whose stock was reported by it the year before to be worth 130 per cent., and for whose stock larger offers are reported in "The Stockholder," is prop-

erly assessed at its par value, though its president testifies that its personal estate is not worth more than half the sum arrived at on the basis of the selling price of the stock, and that the value of the stock is prospective, by reason of the erroneous supposition that certain rights of the company not utilized are valuable, and that such value is inflated by speculators, and that the road does not earn 6 per cent. on its stock.

Appeal from special term, New York county.

*Certiorari,* on relation of the Central Park, North & East River Railroad Company, to the commissioners of taxes and assessments, to review an assessment. The president of relator testified that the method of valuing the company's stock by reference to its quoted price was not just, because its personal property would not equal the amount thus arrived at by 100 per cent.; that the buying and selling value of the stock was derived in great part from the prospects of the company,—from certain rights which were supposed to be valuable, such as the right to carry freight and use steam, which would not be profitable or practicable; that the value was often inflated from cornering, or attempts to secure a controlling interest in the company; and that the road had not earned legal interest from the time it was opened, and was not earning 6 per cent. interest, and its average percentage of earnings was but a little over 3 per cent. The assessment was confirmed, the writ dismissed, and relator appeals.

Argued before DANIELS and BARTLETT, JJ.

*De Los McCurdy* and *B. W. Franklin,* for appellant. *George S. Coleman,* for respondents.

DANIELS, J. The writ of *certiorari* was issued in this case to review the assessment made by the commissioners of taxes and assessments upon the capital stock of the relator in the year 1884. The valuation adopted by the commissioners was the par value of the stock of the company, amounting to the sum of $1,800,000. They deducted from this amount the assessed value of the real estate and tracks of the company, and the shares of stock owned by it in other corporations, taxed upon their capital, leaving a balance of $1,354,779. These deductions, for the reasons stated in considering the assessment on the capital for the year 1883, (*ante,* 41,) are all that the company was entitled to claim; and the only point remaining to be considered is whether the commissioners were right in assuming the par value of the stock as the valuation upon which the assessment should proceed. For this purpose they had before them the admission in the report of the treasurer of the company that a dividend of 8 per cent. had been paid during the last preceding year upon the stock. They also had in the report of 1883, which they were at liberty to consult for this purpose, the further statement that the stock was worth 130 per cent.; and the general evidence given before the referee did not detract from or overcome the effect of these statements. In the report made in 1884 the statement of the value of the stock was omitted. But as the dividend remained still the same as it was previously stated to be in the report of 1883, it was only reasonable to assume that the actual value of the stock was the same, and that was 130 per cent. That justified the commissioners in assessing it at its par value, which was 30 per cent. less than from this evidence appeared to be its actual value. They also had the reports made and published in a journal called "The Stockholder," devoted to this subject, giving what were stated to be larger offers than this, for the purchase of shares of stock in the company. And this evidence, from these different sources, was not overcome in its effect by the facts related in the course of the examination of the president of the company, more particularly that the value of the stock was inflated or advanced by speculative parties at times desiring to obtain its control. The bonded, as well as the floating, indebtedness of the company, which remained very nearly the same as in the preceding year, was without doubt fully considered by the commissioners in their estimate of the

assessable value of the stock; and upon no ground appearing, and not controverted by the return of the commissioners, would the court be justified in interfering with this assessment. It should accordingly be affirmed, together with the usual costs and disbursements. All concur.